UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY PHILIP BRISTOL,

        Plaintiff,

v.                                       Case No:  6:16-cv-751-Orl-37GJK

PALM BAY POLICE DEPARTMENT, et al.,

        Defendants.
_____/

## ORDER

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1).  Plaintiff, who is incarcerated at the Brevard County Jail and proceeding *pro se*, filed the Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff seeks to proceed *in forma pauperis* in this action.  For the reasons stated herein, the Complaint will be dismissed for failure to state a claim.

### I.    FACTUAL BACKGROUND

Plaintiff alleges that on March 11, 2016, he was arrested for a crime that occurred on September 5, 2015.  (Doc. 1 at 5).  Plaintiff was charged with "armed burglary dwelling/structure—agg asslt and agg assault w/ deadly weapon with out intent to kill."  (*Id.*).  Plaintiff denies committing the crimes, and he seeks money damages and "emergency release."  (*Id.* at 7).

### II.    LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights

complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1] Additionally, the Court must liberally construe a plaintiff's *pro se* allegations. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III. ANALYSIS

Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a state prisoner may not bring a claim for damages under § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Thus, unless the plaintiff-prisoner can

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

demonstrate that the conviction or sentence has already been invalidated, the complaint must be dismissed. *Id.*

Further, the rule of *Heck v. Humphrey* "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004). "In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under *Heck*." *Newman v. Leon County Comm'rs*, No. 4:08cv474–SPM/WCS, 2009 WL 62652, at *2 (N.D. Fla. January 7, 2009).

To prevail on his claims in the instant case, Plaintiff must necessarily establish (1) that, as to the offense of which he was convicted, the conviction or sentence had been reversed, expunged, or otherwise declared invalid, and (2) as to the pending charge, the charges were resolved favorably to him. Plaintiff has failed to do so, and the Complaint is barred under *Heck* and will be dismissed without prejudice for failure to state a claim.

### IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED**.
2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED.**
3. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 4th, 2016.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Party
OrlP-2 5/4

4